IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 2025-CV-80761

DAVID MANCHESTER, an individual.

    Plaintiff,

v.

ENDURANCE ASSURANCE CORPORATION,

    Defendant.

**PLAINTIFF'S AMENDED MOTION TO DETERMINE THE CASE IN TWO PHASES**

Plaintiff David Manchester by and through his undersigned counsel and pursuant to Federal Rules of Civil Procedure 42(b), hereby files his Amended Motion To Determine The Case In Two Phases (the "Motion"), and in support states:

**I. Summary**

Plaintiff proposes that the Court take up the case in two phases in order to conserve judicial resources, and the resources and urgency of the plaintiff's requirement for payment of defense costs. Plaintiff suggests that the Court should first determine the threshold issue of whether or not Defendant, Endurance Assurance Company ("Defendant"), has a duty to reimburse Plaintiff for attorney fees and costs associated with defending the Various State Actions above the amounts already paid.  In the event it is determined that such a coverage obligation exists, then the Court can then move on to a second phase for a determination of the remaining non-coverage issues, including without limitation, potential damages arising from prior non-payment, bad faith, and

other remaining issues unrelated to the issue of coverage. If the Court determines that no said coverage exists, then, it need go no further.

## II. The Essence of the Dispute

Plaintiff's claims stem from his role as an officer of the Florida limited liability company known as MV Realty PBC, LLC ("MV"), which is a wholly owned subsidiary of MV Realty Holdings, LLC. Defendant issued a Side A Director's and Officer's insurance policy to MV, which would, among other things, afford insurance coverage to Manchester for claims associated with wrongful acts in his capacity as officer for MV (the "Policy"). Various legal actions have been brought against Manchester in his capacity as officer for MV, with notice of same having been provided to Defendant. Despite the Policy providing coverage in aggregate amount of $4,000,000.00, Defendant paid the approximate sum of $882,000 under the Policy and declined to make further payments. After this lawsuit was filed, Defendant paid an additional approximate sum of $118,000 and refused to pay any amount about $1,000,000. Nevertheless, Plaintiff has exhausted this partial payout with his legal defense costs. Plaintiff has now either lost or is losing his defense counsel and the attendant prejudice. Without defense counsel, Plaintiff's position is exceedingly precarious.

For its part, Defendant maintains that insurance coverage is limited to $1,000,000.00, not $4,000,000.00. Both parties have acknowledged that the coverage dispute centers largely on the interpretation of language in the Policy relative to issues of fact concerning dates on which Plaintiff and other insureds first became aware of claims made against them, whether subsequent claims related back to the original claim in Florida, and whether MV violated a warranty statement

pertaining to prior knowledge of facts, circumstances or situations that might give rise to future claims.

### III. The Court Should First Determine Whether Further Insurance Coverage Exists

The Court should first determine the issue of whether Defendant's insurance coverage was limited to $1,000,000.00 or that coverage limits of $4,000,000.00 are available to Plaintiff. Specifically, Plaintiff is requesting that the Court separate the discovery, dispositive motion practice and/or bifurcated hearing, and determination of the merits of the issue of coverage, in the interest of judicial economy as described herein.

#### A.  The Court has the Discretion to Separate the Issues and Doing So Here Would be Appropriate

District courts have broad discretion when managing their cases in order to ensure that each case move to a timely and orderly conclusion. *Talcott v. Kusch*, 2023 WL 6064521 (S.D. Fla. September 18, 2023) *citing Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002); see also *Silvers v. Google Inc.*, No. 05-80387-CIV, 2006 WL 8435148, at *3 (S.D. Fla. Feb. 7, 2006) ("the district court's concern for clarifying the issues to be tried suffices to permit the court to separate the trials").

Pursuant to Federal Rules of Civil Procedure Rule 42(b), the court may order separate trials and/or discovery periods on a contested matter where it is convenient, where it prevents prejudice, where it is conducive to judicial economy, or where separately triable issues arise. Silvers, 2006 WL 8435148, at *3; see also *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1301 (11th Cir. 2001) (a district court may separate issues "where such order would further convenience, avoid prejudice, or promote efficiency"). The decision to whether or not to bifurcate case is a matter to be decided

3

on a "case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." See *Wilshire Ins. Co. v. Casablanca on the Bay, Inc.*, No. CV 15-21644-CIV, 2016 WL 8739601, at *2 (S.D. Fla. Oct. 14, 2016), where the Court granted the separation of insurance coverage issues from the remaining issues in the case).

The Eleventh Circuit Court of Appeals has acknowledged that a district court' has broad discretion to permit bifurcation merely "when it furthers convenience," which is "not a high standard." *Id.* (citing *Harrington v. Cleburne Cty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001)). "The predominant consideration is a fair and impartial trial 'through a balance of benefits and prejudice.'"

Other federal and state courts in Florida have separate insurance coverage issues in the interests of judicial efficiency and economy. *See, e.g.,* Continental Ins. Co. v. Roberts, 2008 WL 2700054 (M.D. Fla. July 8, 2008) (granting motion to bifurcate, such that coverage issue was tried first before damages); *Oppenheim v. Reliance Ins. Co.,* 804 F. Supp. 305 (granting the parties' joint motion to bifurcate such that coverage determination was made first); *Ahe v. Odyssey Re (London) Limited,* 788 So. 2d 369, 373 (Fla. 4th DCA 2001) (permitting the parties to bifurcate coverage from damages issue).

Phasing the issues is appropriate here because if it is determined that no further coverage exists, then no determination of damages is necessary. Accordingly, the Plaintiff's case would be resolved at that point without the need for litigation of the remaining issues raised by the pleadings.

### B. Determination of Insurance Coverage in a First Phase Will Promote Convenience, Avoid Prejudice, and Expedite and Economize the Litigation

The issue of coverage is easily separable from the remaining issues related to non-coverage issues, including damages, and handling discovery, an evidentiary hearing and motion practice

regarding the determination of insurance coverage in a first phase of the case will conserve judicial resources, and the resources of the parties. Further, Plaintiff's claim for declaratory judgment is effectively asserted to determine the issue of insurance coverage. This Court is expressly authorized to order a speedy hearing on Plaintiff's claim for declaratory judgment. Fed. R. Civ. P. 57. Further, the relevant factors of Fed. R. Civ. P. 42(b), (1) convenience; (2) prejudice; (3) expedition; and (4) judicial economy, weigh in favor of the proposed separation of issues.

Further, as this Court has already observed, "Defendant will bear the burden in this litigation of showing Mr. Mitchell (or any officer of MV Realty) were aware of any fact, circumstance, or situation that would make a future claim against them foreseeable." Order at p. 7. Thus, the scheduling order should be amended to reflect this shifted burden, including discovery and disclosure of potential expert witnesses.

And, the phased approach, would efficiently resolve this core issue first and would not prejudice any party. Rather, proceeding in this manner will likely encourage the efficient settlement discussions should the Court determine that $4,000,000.00 in coverage is available to Plaintiff.

A Proposed Amended Scheduling Order is attached as Exhibit A.

**CERTIFICATE OF GOOD FAITH CONFERENCE**. Pursuant to S.D. Fla. Local Rules 7.1(a)(3), counsel for the movant has conferred with counsel for the Defendant regarding the relief sought in this motion, and counsel opposes the relief sought.

WHEREFORE, Defendant respectfully requests that this Court separate the issues of whether further insurance coverage exists from the other issues in the case as described above, enter, and grant such other relief as the Court deems just and proper.

Dated: September 3, 2025.

                                            Respectfully submitted,

                                            */s/ Jeffrey M. Glotzer*
                                            Jeffrey M. Glotzer, #184489
                                            Frascona, Joiner, Goodman & Greenstein, P.C.
                                            4750 Table Mesa Drive
                                            Boulder, CO 80305
                                            303-494-3000
                                            jeff@frascona.com
                                            *Attorney for Plaintiff, David Manchester*