IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 2025-CV-80761-DMM

DAVID MANCHESTER, an individual.

    Plaintiff,

v.

ENDURANCE ASSURANCE CORPORATION, a foreign corporation,

    Defendants.

**AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

Plaintiff, David Manchester ("Manchester") and Amanda Zachman ("Zachman") (Manchester and Zachman collectively hereinafter referred to as "Plaintiffs") ("hereby sues Defendant, Endurance Assurance Corporation ("Endurance") for damages and declaratory relief and allege as follows[1]:

**PARTIES, JURISDICTION AND VENUE**

1. This is an action for damages and for declaratory relief pursuant to 28 U.S.C. § 2201.

2. At all times material hereto, Manchester, is a citizen of Florida who resides in Palm Beach County, Florida.

3. At all times material hereto, Zachman, is a citizen of Florida who resides in Palm Beach County, Florida.

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(2), Defendant, Endurance Assurance Company has indicated by written consent to the filing of this Amended Complaint.

4. At all times material hereto, Endurance, is a citizen of Delaware as it is a Delaware corporation with its principal place of business in Wilmington, Delaware.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest, attorney's fees and costs.

6. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties.

7. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) in that the insurance policy in dispute in this action was issued to MV in Broward County, Florida, and a substantial part of the events giving rise to the claim occurred in the district.

8. This federal judicial district is the place of issuance under the Policy, and Florida law governs Endurance's obligations to Manchester.

## GENERAL ALLEGATIONS

9. Endurance issued to MV Realty Holdings, LLC ("MV"), a Directors and Officers Difference in Conditions Liability policy, Policy Number ADL30001923102 (the "Original Contract").

10. The Original Contract has afforded continuous insurance coverage for MV and other insureds since the policy period 2021-2022 to the present day.

11. Further, MV has purchased subsequent policies for from Endurance for subsequent 12-month policy periods, including a second policy with a policy period of August 28, 2022, to August 28, 2023 ("22/23 Policy"), a copy of which is attached hereto as **Exhibit** "**A**".

12. The 22/23 Policy provides an aggregate limit of liability of $4,000,000 in coverage and constitutes a written contract between the parties.

13. Coverage under the 22/23 Policy includes claims that include but are not limited to the following:

> 1. a written demand or similar document received by an Insured Person:
>
>> a. for monetary or non-monetary relief, including a demand for injunctive relief; or
>>
>> b. to engage in an arbitration, mediation, or other alternative dispute resolution proceeding;
>
> 2. a civil proceeding commenced by the service of a complaint or similar pleading;
>
> 3. a criminal proceeding commenced by:
>
>> a. the return of an indictment, information, or similar document;
>>
>> b. the arrest of, or the issuance of an arrest warrant for, an Insured Person; or
>>
>> c. a request for the extradition of any Insured Person;
>
> 4. a formal administrative or regulatory proceeding, other than an investigatory proceeding, commenced by the filing of a notice of charges, complaint, or similar document; or
>
> 5. a formal or informal criminal, administrative, or regulatory investigation of an Insured Person, other than an Inquiry, commenced by the service upon or other receipt by the Insured Person of a formal investigative order, a written notice,

including a Wells Notice, target letter, search warrant, or a subpoena from an investigating authority that identifies such Insured Person as an individual against whom a formal proceeding may be commenced; (See Exhibit "A", Section IV, pg. 4 of 19).

14. Endurance is obligated to pay "Loss on behalf of an Insured Person on account of a Claim first made during the Policy Period or the Extended Reporting Period, if applicable, for a Wrongful Act that takes place before the end of the Policy Period." (See Exhibit "A", Section IV. A., pg. 1 of 19).

15. "Loss means amounts that an Insured Person becomes legally obligated to pay on account of a Claim, including, but not limited to, damages (including punitive or exemplary damages or the multiple portion of a multiplied damage award), judgments, any award of pre-judgment or post-judgment interest, costs and fees awarded pursuant to judgments (including any plaintiffs' attorneys' fees), settlement amounts, Defense Costs, Insured Penalties, Compensation Clawback Costs, Asset Protection Costs, Personal Reputation Costs, and Policy Access Costs." (See Exhibit "A", Section 1. A., pg. 8 of 19).

16. "Insured Person means a natural person who was, now is, or becomes:

   1. an Executive of a Company in their capacity as such or in an Outside Position; or

   2. an Employee of a Company in their capacity as such, but solely with respect to a Claim brought and continuously maintained against both such Employee and an Executive of a Company in their capacity as such." (See Exhibit "A", Section 1. A., pg. 7 of 19).

17. Executive means a natural person:

1. duly elected or appointed director, officer, trustee, advisory director, Manager, governor, controller, general partner, managing partner, risk manager, in-house general counsel, director of investor relations, director of human resources, or member of a duly constituted committee or board of an organization (including a duly constituted advisory board or advisory committee of an organization); or

2. de facto director, prospective director (as identified in a Form S-1 or S-4 filed with the U.S. Securities and Exchange Commission), or shadow director (as defined in the United Kingdom Companies Act 2006) of an organization; or

the functional or foreign equivalent of any of the foregoing positions.

18. As an officer and director for various MV subsidiaries, Manchester is an executive if MV and is therefore entitled to benefits as an insured person under the 22/23 Policy.

19. Zachman is an officer of MV Realty PBC, LLC, since at least August of 2014.

20. MV Realty PBC, LLC is a wholly owned subsidiary of parent company MV Realty Holdings, LLC.

21. Ms. Zachman has also held a real estate license and has acted in the capacity as a Chief Sales Officer for MV Realty PBC, LLC and its subsidiaries.

22. Accordingly, Zachman is an executive if MV and is therefore entitled to benefits as an insured person under the 22/23 Policy.

23. In his capacity for MV, Manchester has been named in legal actions throughout the United States including, but not limited to North Carolina, New Jersey, Massachusetts, California and Florida. In her capacity as an officer for MV Realty PBC, LLC, Zachman has been named in multiple legal actions throughout the United States including, but not limited to North Carolina,

Ohio, Massachusetts, New Jersey, Minnesota, California. (The various matters brought against Manchester and Zachman hereinafter referred to as "Various State Actions").

24. Endurance has been provided notice of said actions against Manchester and a request for coverage under the 22/23 Policy.

25. Endurance has acknowledged receipt of notice of the Various State Actions in various correspondence, including without limitation in a letter dated May 21, 2025.

26. Endurance contends that coverage under the 22/23 Policy is limited to $1,000,000 despite the 22/23 Policy providing an aggregate of $4,000,000 in coverage.

27. As of the filing of this complaint, Endurance has not paid out $1,000,000 under the 22/23 Policy.

28. On information and belief, as of the date of filing of this lawsuit, Endurance has paid approximately $882,000 under the 22/23 Policy.

29. While Plaintiffs contend that the 22/23 Policy makes available $4,000,000 in benefits available to them, there are undisputed funds available to Plaintiffs which Endurance has inexplicably failed or refused to pay.

30. Further, Endurance contends that the 22/23 Policy contains a warranty (the "Warranty") stating, inter alia:

> "No person or entity proposed for coverage is aware of any fact, circumstance or situation which he or she has reason to suppose might give rise to a future claim that would fall within the scope of any of the proposed coverage part limit of liability stated above, except: None"

31. As the basis for failing or refusing to pay Plaintiffs benefits under the 22/23 Policy, Endurance contends that this warranty was breached or is somehow inaccurate because the insureds must have received some documentation that would create an awareness of a fact, circumstance or situations that would provide reason to supposed there might be a future claim.

32. There exists no such documentation rendering the Warranty breached or inaccurate.

33. Endurance has repeatedly requested notice pleadings for which Plaintiffs have not made a claim.

34. Plaintiffs have cooperated with Endurance's requests in this regard, including obtaining and providing copies of pleadings in which claims are asserted against MV Realty, including pleadings related to cases filed in Ohio, Minesota, Illinois, Michigan, Alabama, Wisconsin and Arizona, even though they are not named in all such pleadings.

35. As an additional basis for denying benefits to Plaintiffs, Endurance contends that Plaintiffs are not entitled to coverage because they are not named in unrelated pleadings Endurance requested they provide.

36. Endurance has wrongfully refused to afford Plaintiffs coverage under the 22/23 Policy or any policy for the Various State Actions leading him to incur damages and expose them to future damages and significant exposure associated with same.

37. The entire $4,000,000 benefit under the 22/23 Policy is available to Plaintiffs as an insured under such policy.

38. Endurance has continued to deny Plaintiffs benefits under the 22/23 Policy to which they are rightfully entitled.

39. Plaintiffs have repeatedly made Endurance aware of the urgent need to secure benefits under the 22/23 Policy for his legal defense of the Various State Actions.

40. Historically, Endurance often has not responded to Plaintiffs or their counsel.

41. In cases in which Endurance responses, it may wait many days or weeks to respond.

42. Endurance's denial of benefits is wrongful.

### COUNT I-DECLARATORY RELIEF

43. Plaintiffs incorporate the allegations provided above as if fully stated herein.

44. A declaration is required for purposes of determining a question of an actual controversy between Plaintiffs and Endurance. Specifically, a declaration is required to determine whether Endurance has a duty to defend and/or reimburse Plaintiffs for attorney fees and costs associated with defending the Various State Actions.

45. To date, Endurance has failed and refused to do same.

46. The Various State Action constitute claims giving rise to coverage under the 22/23 Policy.

47. At all times material hereto, Plaintiffs were insured persons under the Director and Officer Liability Coverage.

48. The allegations in the Various State Actions allege Wrongful Acts giving rise to coverage under the 22/23 Policy.

49. The Various State Actions allege facts which fairly and potentially bring Plaintiffs within policy coverage under the 22/23 Policy.

50. Accordingly, Endurance had and continues to have a duty to reimburse Plaintiffs for defense costs incurred in the Various State Actions.

51. There is a bona fide, actual, present, and practical need for this declaration.

52. This declaration deals with a present, ascertained, or ascertainable state of facts or present controversy as to a state of facts.

53. Some immunity, power, privilege, or right of the complaining party is dependent upon the facts or the applicable to the facts.

54. There is some person or persons who have, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law.

55. The antagonistic and adverse Parties are before this Court by proper process.

56. The relief sought is not merely for giving of legal advice by the courts or the answer to questions propounded from curiosity.

WHEREFORE, Plaintiffs, DAVID MANCHESTER and AMANDA ZACHMAN, respectfully request this Honorable Court enter judgment against Defendant, determining and granting the following:

    a) That pursuant to the terms of the 22/23 Policy, Endurance was and is obligated to defend Manchester in the Various State Actions.

    b) That pursuant to Florida Statutes, §627.428, Plaintiffs are entitled to recover their attorneys' fees and costs from Endurance incurred in this action; and

    c) All other relief as this Court deems just and proper.

## COUNT II-BREACH OF CONTRACT

57. Plaintiffs incorporate the allegations provided above as if fully stated herein.

58. Plaintiffs were/are insured persons under the 22/23 Policy, which was/is in full force in effect at all times material to this Complaint.

59. Plaintiffs have either complied with all conditions precedent to filing this lawsuit and he is entitled to recover under the 22/23 Policy or any such conditions have been waived.

60. Endurance's refusal to acknowledge and provide to Plaintiffs benefits to which they are entitled as insured persons constitutes a breach of contract.

61. The aforementioned conduct of Endurance constitutes a direct and willful breach of the 22/23 Policy.

62. Plaintiffs have been damaged as a result of Endurance's breach of the 22/23 Policy and will continue to be damaged into the foreseeable future.

63. As a result of Endurance's aforementioned breach of contract it has become necessary that Plaintiffs retain the services of the undersigned counsel. As such, Plaintiffs are obligated to pay a reasonable fee for undersigned counsel's services in bringing this action, plus necessary costs.

64. Plaintiffs are entitled to recover attorneys' fees and costs pursuant to §627.428.

WHEREFORE, Manchester and Zachman respectfully pray for a judgment against Endurance for damages, attorneys fees and costs, and for any other relief that this Court deems just and proper.

## JURY DEMAND

Manchester and Zachman demand a Trial by Jury on all issues so triable.

Dated: September 11, 2025.

Respectfully submitted,

*/s/ Jeffrey M. Glotzer*
Jeffrey M. Glotzer, Florida Bar No. 184489
Frascona, Joiner, Goodman & Greenstein, P.C.

> 4750 Table Mesa Drive
> Boulder, CO 80305
> 303-494-3000
> jeff@frascona.com
> *Attorney for Plaintiffs, David Manchester and Amanda Zachman*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 11th day of September 2025, a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on all counsel of record.

> */s/ Ileana Martinez*
> Ileana Martinez, Paralegal