**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-cv-80761-MIDDLEBROOKS/Matthewman

DAVID MANCHESTER, *et al.*;

    Plaintiffs,

v.

ENDURANCE ASSURANCE CORPORATION,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION TO DETERMINE THE CASE IN TWO PHASES

**THIS CAUSE** comes before the Court upon Plaintiff's Amended Motion to Determine the Case in Two Phases, filed September 3, 2025 ("Motion to Bifurcate") (DE 29). Defendant has filed a Response in Opposition. (DE 33). For the following reasons, Plaintiff's Motion is denied.

This is a declaratory judgment action brought by two officers of the company MV Realty Holdings, LLC, against an insurance company over a dispute over insurance coverage.[1] MV Realty had a policy with Defendant Endurance Assurance Corporation that requires Endurance to pay for the defense costs of MV Realty's officers in litigation against the officers. The present lawsuit was brought to determine if Plaintiffs are entitled to the full $4 million under the policy in dispute, or if Endurance has already paid the full amount owed to Plaintiffs. (DE 34).

Plaintiff now brings this Motion to attempt to bifurcate this case into two phases: 1) coverage under the policy and 2) damages, bad faith, and other issues unrelated to coverage. (DE 29 at 1-2). In support, Plaintiff cites to judicial economy and the urgency of determining whether

---

[1] At the time of Plaintiff's Motion, David Manchester was the sole Plaintiff in this action. Plaintiff has since filed an Amended Complaint and has added Plaintiff Amanda Zachman as a co-Plaintiff. (DE 34). The Motion was fully briefed before Ms. Zachman was added to the case.

he is entitled to the extra defense funds under the policy given the ongoing litigation against him around the country. (*Id.*). Plaintiff argues bifurcation of this case is essential because the issue of determining coverage is where the heart of the dispute lies, and a determination of this at an earlier stage in litigation will ensure a speedy conclusion of this lawsuit. (*Id.* at 4-5). Finally, Plaintiff attaches his suggested Amended Pretrial Scheduling Order to his Motion. (DE 29-1).

Defendant argues Plaintiff's Motion is another go-around to ending this lawsuit prematurely. Defendant cites to Plaintiff's Motion for Preliminary Injunction (DE 7), which I denied on August 13, 2025, as an example of Plaintiff's rush to the finish line in this case. Defendant contends this disputed coverage issue will involve a "reasonable amount of discovery" and that the proposed second part of this case, determining damages and other related issues will "likely be a ministerial undertaking." (DE 33 at 1). Defendant also argues Plaintiff's Motion is untimely, as Judge Matthewman's Paperless Order setting the Pretrial Scheduling Conference requires that any motions to modify the existing trial date, shall be filed two days before the Scheduling Conference. (DE 21).

Federal Rule of Civil Procedure 42(b) authorizes the Court to order separate trials on one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). "Fed. R. Civ. P. 42(b) confers broad discretion on the district court in this area." *Harrington v. Cleburne Cnty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001).

I have reviewed Plaintiff's proposed Amended Pretrial Scheduling Order and decline his request to bifurcate this trial and expedite the determination of policy coverage. First, Plaintiff has set forth a timeline that ends discovery on the key issue to decide this case, policy coverage, by October 17, 2025. Plaintiff just amended his Complaint to add another co-Plaintiff, Ms. Zachman on September 11, 2025. (DE 34). Plaintiff's amendment to his pleadings is just one day before his

2

3

proposed deadline for the Parties to provide each other with their expert witness lists. (DE 29-1 at 2). At this moment, Defendant has yet to even answer the Amended Complaint. I find the proposed deadlines to be far too soon given the recent filing of the Amended Complaint.

More importantly, declaratory judgment actions for insurance coverage disputes are not out-of-the-ordinary cases where I bifurcate trial. Understanding Plaintiff's difficult position, this case will be resolved in a timely and expeditious manner. However, bifurcation is not appropriate.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Amended Motion to Determine the Case in Two Phases (DE 29) is **DENIED.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 15th day of September 2025.

Donald M. Middlebrooks
United States District Judge

Copies to:   Counsel of Record