**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 9:25-cv-80761-MIDDLEBROOKS/Matthewman**

DAVID MANCHESTER, *et al.*,

    *Plaintiff*,

v.

ENDURANCE ASSURANCE
CORPORATION,

    *Defendant*.

_____/

**DEFENDANT ENDURANCE ASSURANCE CORPORATION'S
ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

    Defendant Endurance Assurance Corporation ("Endurance"), pursuant to Fed. R. Civ. P. 12(a), submits its Answer to Plaintiff David Manchester ("Manchester") and Amanda Zachman ("Zachman") (collectively, the "Plaintiffs") Amended Complaint for Damages and Declaratory Relief (the "Amended Complaint"); pursuant to Fed. R. Civ. P. 8(c) and 12(b), submits its Affirmative Defenses to the Amended Complaint; and, pursuant to Fed. R .Civ. P. 38(a), submits its Demand for Jury Trial.

    Endurance responds by denying each and every allegation not specifically admitted, denying the characterizations in each and every heading in the Amended Complaint, and by responding specifically to the numbered paragraphs of the Amended Complaint as follows:

    1.    Admitted that Plaintiffs seek damages and declaratory relief, but denied that Plaintiffs are entitled to such damages and declaratory relief.

    2.    Endurance is without sufficient knowledge or information to form a belief concerning the allegations contained in Paragraph 2 of the Amended Complaint and therefore denies those allegations.

    3.    Endurance is without sufficient knowledge or information to form a belief concerning the allegations contained in Paragraph 3 of the Amended Complaint and therefore denies those allegations.

  4. Endurance is incorporated in Delaware with its principal place of business in New York for jurisdictional purposes only. The remaining allegations of Paragraph 4 of the Amended Complaint are denied.

  5. Admitted for jurisdictional purposes only. Otherwise, denied.

  6. Admitted for jurisdictional purposes only. Otherwise, denied.

  7. Admitted for jurisdictional purposes only.

  8. Endurance denies the allegations in Paragraph 8 of the Amended Complaint as they call for a legal conclusion to which no response is required. To the extent a response is deemed required, Endurance denies the allegations.

  9. Admitted.

  10. Denied.

  11. Endurance admits that the document referenced in Paragraph 11 of the Amended Complaint appears to be a copy of the 22/23 Policy, but denies that the exhibit attached is a true and complete copy thereof. Endurance further denies the allegations to the extent they mischaracterize the contents of the original document.

  12. Paragraph 12 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 12 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

  13. Paragraph 13 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 13 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

  14. Paragraph 14 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 14 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

15. Paragraph 15 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 15 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

16. Paragraph 16 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 16 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

17. Paragraph 17 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 17 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

18. Paragraph 18 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 18 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

19. Endurance is without sufficient knowledge or information to form a belief concerning the allegations contained in Paragraph 19 of the Amended Complaint and therefore denies those allegations.

20. Endurance is without sufficient knowledge or information to form a belief concerning the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies those allegations.

21. Endurance is without sufficient knowledge or information to form a belief concerning the allegations contained in Paragraph 21 of the Amended Complaint and therefore denies those allegations.

22. Paragraph 22 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any

characterization of this document. Endurance further denies any allegations in Paragraph 22 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

23. Admitted that Plaintiffs have been named in legal actions throughout the United States including, but not limited to North Carolina, New Jersey, Massachusetts, California, Ohio, Minnesota, and Florida. The remaining allegations in Paragraph 23 are denied.

24. Admitted that Endurance has been provided notice of certain legal actions against Manchester. Denied that such notice was provided timely or otherwise in accordance with the terms and conditions of the 22/23 Policy.

25. Endurance's correspondence speaks for itself, and Endurance denies any characterization of it.

26. Paragraph 26 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 26 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

27. Denied.

28. Denied.

29. Denied.

30. Paragraph 30 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 30 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

31. Endurance's correspondence speaks for itself, and Endurance denies any characterization of it.

32. Denied.

33. Admitted only that Endurance has repeatedly requested documents. Otherwise, denied.

34. Denied.

35. Endurance's correspondence speaks for itself, and Endurance denies any characterization of it.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT I

### DECLARATORY RELIEF

43. Endurance re-asserts the responses set forth in the above paragraphs.

44. Denied.

45. Denied.

46. Paragraph 46 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 46 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

47. Paragraph 47 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 47 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

48. Paragraph 48 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 48 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

49. Paragraph 49 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 49 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

50. Denied.
51. Denied.
52. Denied.
53. Denied.
54. Denied.
55. Denied.
56. Denied.

\* Endurance denies that Plaintiffs are entitled to the relief sought in the "Wherefore" clause of Count I of the Amended Complaint or any other relief being sought whatsoever.

## COUNT II

### BREACH OF CONTRACT

57. Endurance re-asserts the responses set forth in the above paragraphs.

58. Paragraph 58 references a document attached to the Amended Complaint as Exhibit A, which is a document that speaks for itself, and Endurance denies any characterization of this document. Endurance further denies any allegations in Paragraph 58 that are inconsistent with or differ from the terms, conditions, exclusions, and other provisions set forth in the 22/23 Policy.

59. Denied.
60. Denied.
61. Denied.
62. Denied.
63. Denied.

\* Endurance denies that Plaintiffs are entitled to the relief sought in the "Wherefore" clause of Count II of the Amended Complaint or any other relief being sought whatsoever,

**AFFIRMATIVE DEFENSES**

Pursuant to Fed. R. Civ. P. 8(c), Endurance asserts the following affirmative defenses to Plaintiffs' Amended Complaint:

64. *First Affirmative Defense:* The coverage provided under Endurance's insurance policy issued to MV Realty Holdings, LLC bearing policy no. ADL30001923102 (the "22/23 Policy") is defined and limited by its terms, conditions, exclusions, and other provisions. The 22/23 Policy is a contract, and no coverage is provided beyond that which is stated in the contract. The underlying matters referenced in the Amended Complaint are barred because they fall outside the scope of coverage provided by the 22/23 Policy and are barred by the terms, exclusions, conditions and/or limitations contained in the 22/23 Policy, all of which are incorporated herein by reference.

65. *Second Affirmative Defense:* Plaintiffs had a duty to mitigate any damages claimed under the 22/23 Policy, and any failure to do so may reduce or eliminate part of or all of the damages claimed.

66. *Third Affirmative Defense:* Plaintiffs are not entitled to coverage to the extent that providing coverage would be void as against public policy.

67. *Fourth Affirmative Defense:* Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

68. *Fifth Affirmative Defense:* Plaintiffs' claims are barred, in whole or in part, based on untimely notice of the Inquiries and/or Claims related to the underlying matters described I the Amended Complaint under the 22/23 Policy.

69. *Sixth Affirmative Defense:* The claims asserted by Plaintiffs are barred, in whole or in part, to the extent any Claim arose prior to the 22/23 Policy's policy period pursuant to the 22/23 Policy, which provides:

> THIS POLICY PROVIDES COVERAGE ON A CLAIMS-MADE BASIS. EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD OR TH EXTENDED REPORTING PERIOD, IF APPLICABLE.

70. *Seventh Affirmative Defense:* Endurance has no obligation under the 22/23 Policy on the grounds and to the extent that Plaintiffs' claims are barred, in whole or in part, by Endorsement No. 1, titled "Pending or Prior Claim Exclusion," which provides:

> It is agreed that:
>
> The Insurer shall not be liable for **Loss** on account of any **Claim** based upon, arising from, or attributable to any litigation, administrative or regulatory proceeding, alternative dispute resolution proceeding, or investigation that was pending, or any order, decree, or judgment entered, on or before:
>
> A. August 14, 2021, with respect to the first $1,000,000 of the Aggregate Limit of Liability; and
>
> B. August 28, 2022, with respect to the limit of liability of $3,000,000 excess of the first $1,000,000 of the Aggregate Limit of Liability;
>
> Or any fact, circumstance, situation, or event underlying or alleged therein.

Endurance asserts that several States' regulatory investigations into MV Realty's Homeowner Benefit Program commenced prior to August 14, 2021 and August 28, 2022. Thus, pursuant to Endorsement No. 1, Plaintiffs' claims are barred in whole to the extent that they arose prior to August 14, 2021 or limited to the first $1,000,000 of the Aggregate Limit of Liability to the extent that Plaintiffs' claims arose after August 14, 2021 but before August 28, 2022.

71. *Eighth Affirmative Defense:* Endurance has no obligation under the 22/23 Policy on the grounds and to the extent that Plaintiffs' claims are barred, in whole or in part, by Endorsement No. 3, titled "Prior Knowledge Exclusion for Higher Limits," which provides:

> It is agreed that:
>
> Solely with respect to the limit of liability $4,000,000 excess of the first $6,000,000 of the Aggregate Limit of Liability of this Policy, the Insurer shall not be liable for **Loss** on account of any **Claim** based upon, arising from, or attributable to any fact, circumstance, situation, or **Wrongful Act** of which an **Insured Person** had knowledge as of and which as of such date reasonably could give rise to a **Claim**.

72. *Ninth Affirmative Defense:* Endurance has no obligation under the 22/23 Policy on the grounds and to the extent that Plaintiffs' claims are barred, in whole or in part, by Section V. EXCLUSION of the 22/23 Policy, which provides, in relevant part:

> The Insurer shall not be liable for **Loss** on account of any **Claim** based upon, arising from, or attributable to:

8

> A. An **Insured Person** having committed any deliberate criminal or deliberate fraudulent act or omission; or
>
> B. An **Insured Person** having gained any profit, remuneration, or advantage to which such **Insured Person** was not legally entitled;
>
> If established by a final and non-appealable judgment or adjudication adverse to such Insured Person in the underlying action[.]

73. *Tenth Affirmative Defense:* Endurance has no obligation under the 22/23 Policy on the grounds and to the extent that Plaintiffs' claims are barred, in whole or in part, because the Insureds and/or Plaintiffs breached the Claim Free Warranty Statement dated August 26, 2022, which provides, in pertinent part:

> No person or entity proposed for coverage is aware of any fact, circumstance or situation which he or she has reason to suppose might give rise to a future claim that would fall within the scope of any of the proposed coverage part limit of liability stated above, except: **None[.]**
>
> Without prejudice to any other rights and remedies of the Insurer, the Applicant understands and agrees that if any such fact, circumstance, or situation exists, whether or not disclosed above, any claim or action arising from any such fact, circumstance, or situation is excluded from coverage under the proposed policy, if issued by the Insurer.

74. *Eleventh Affirmative Defense:* Endurance pleads all of the 22/23 Policy's terms, conditions, exclusions, and all other provisions of the 22/23 Policy that may apply as a defense to Plaintiffs' claims or that subsequently may be determined to apply based upon discovery in this action or other investigation, and to the extent that any Insured Person failed to meet and/or perform any such terms or conditions. This includes, without limitation, all of the terms of the 22/23 Policy, whether titled insuring provisions, conditions, definitions, exclusions, endorsement, or by any other name.

75. *Twelfth Affirmative Defense:* To the extent that Plaintiffs have suffered any damages, which is denied, such damages should be off-set in an amount to be proven.

76. *Thirteenth Affirmative Defense:* To the extent there is coverage under the 22/23 Policy for the underlying matters referenced in the Amended Complaint, which

Endurance denies, the 22/23 Policy would be excess over any other applicable insurance not specifically written to be excess over the 22/23 Policy.

77. *Fourteenth Affirmative Defense:* There is no coverage for the underlying matters referenced in the Amended Complaint because they fail to satisfy the Insuring Agreement for Insured Person Liability coverage under the 22/23 Policy, which provides, in pertinent part:

> I. INSURING AGREEMENTS
>
> The following Insuring Agreements shall apply if and to the extent such **Loss** set forth below is not indemnified by the **Company** and not paid by any **Underlying Policy** for any reason, including, but not limited to, the exhaustion of the limit of liability of any such **Underlying Policy** or a **DIC Event**.
>
> A. Insured Person Liability
>
> The Insurer shall pay Loss on behalf of an **Insured Person** on account of a **Claim** first made against such **Insured Person** during the **Policy Period** or the Extended Reporting Period, if applicable, for a **Wrongful Act** that takes place before the end of the **Policy Period**.

As such, the 22/23 Policy only provides coverage for Claims made against Insured Persons. Plaintiffs' claims are barred to the extent that Plaintiffs have not been named as a defendant or involved in the complaints that are the subject of the Claims.

### ADDITIONAL DEFENSES[1]

Pursuant to Fed. R. Civ. P. 12(b), Endurance asserts the following additional (e.g., non-affirmative) defenses to Plaintiffs' Amended Complaint:

78. *First Additional Defense:* To the extent that there are any misrepresentations and/or omissions in the Insured's previously submitted insurance application(s), coverage for Plaintiffs' claims are barred.

---

[1] *See ICA Investments, Inc. v. Lexington Ins. Co.*, 2023 WL 1987866, at *4 (S.D. Fla. Feb. 8, 2023) ("[P]arties asserting both denials and affirmative defenses should differentiate them in their Answer — structure the Answer as three sections, not two. One section should admit or deny the allegations in the complaint, as required by Rule 8(b)(1), one should be the non-affirmative defenses, as required by Rule 8(c).").

79. *Second Additional Defense:* There is no coverage for all, or part, of the underlying matters referenced in the Amended Complaint because they do not constitute a **Claim** as defined under the 22/23 Policy.

80. *Third Additional Defense:* There is no coverage for all, or part, of the underlying matters referenced in the Amended Complaint because they do not allege **Wrongful Acts** as defined under the 22/23 Policy.

81. *Fourth Additional Defense:* There is no coverage for all, or part, of the underling matters referenced in the Amended Complaint to the extent there has been no **Loss** as defined under the 22/23 Policy.

82. *Fifth Additional Defense:* There is no coverage for all, or part, of the Defense Costs sought by Plaintiffs to the extent that are not reasonable and necessary. Endurance is entitled under the 22/23 Policy to recoup any Defense Costs it has advanced to the extent that coverage does not apply.

83. *Sixth Additional Defense:* Endurance performed in good faith all of its obligations under the 22/23 Policy. Specifically, Endurance requested from Plaintiffs documents and correspondence with respect to the denial of insurance coverage from any other insurance related to the claims. To date, Plaintiffs have failed to provide such documents or otherwise respond to Endurance's request. Section VII. Defense and Settlement and Cooperation under the 22/23 Policy requires the Insured and Insured Persons to cooperate with such requests, which provides:

> B. Cooperation
>
> The **Insured Persons** and **Company** agree to provide the Insurer with all information, assistance, and cooperation that the **Insured Person** or **Company** to provide such information, assistance, and cooperation shall not impair the rights of any other **Insured Person** under this Policy. The **Insured Persons** and **Company** agree that they will: (i) do nothing knowingly that will prejudice the Insurer's position; and (ii) do nothing to prejudice the Insurer's potential or actual rights of recovery with respect to **Loss** paid under this Policy.

84. *Seventh Additional Defense:* Any recovery is limited to the contractual limits.

11

85. *Eighth Additional Defense:* Coverage for the underlying matters referenced in the Amended Complaint is barred because the Insured and/or Plaintiffs failed to allocate between covered and uncovered **Loss**.

86. *Ninth Additional Defense:* Plaintiffs' claims are barred by the doctrines of contingent loss, fortuity, and/or known loss.

## DEMAND FOR JURY TRIAL

87. Pursuant to Fed. R. Civ. P. 38, Endurance demands a trial by jury on all triable issues.

## PRAYER FOR RELIEF

88. With respect to Plaintiffs' Amended Complaint, Endurance requests that the Court enter judgment in its favor and against Plaintiffs as follows:

   a. Ordering that Plaintiffs shall receive no relief and shall take nothing by this action;

   b. Permitting Endurance to go hence without day; and

   c. Awarding Endurance such attorneys' fees and costs as allowable by law.

Dated: September 25, 2025

By: _____
Steven J. Brodie (FBN 330069)
sbrodie@carltonfields.com
Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Graciana M. Zevallos (FBN 1019160)
gzevallos@carltonfields.com
Carlton Fields, P.A.
700 N.W. 1st Avenue, Ste. 1200
Miami, Florida 33136-4118
Telephone: 305-530-0050

*Attorneys for Defendant*